IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2024 SEP 26  AM 10: 01

OFFICE OF THE CLERK

LUKE LEFEVER,

        Plaintiff,

V.

STATE OF NEBRASKA, NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, ROB JEFFREYS, JERRY
LOVELACE, TAGGART BOYD,

        Defendants.

CASE NO. _____

8:24CV377

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS
MOTION FOR EMERGENCY TEMPORARY RESTRAINING
ORDER AND EMERGENCY PRELIMINARY INJUNCTION

## Statement of the Case

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner whose medications were discontinued and being discontinued and is presently being denied proper medical care as a result subjecting him to cruel and unusual punishment. The plaintiff seeks an emergency temporary restraining order and an emergency preliminary injunction to ensure that he receives proper medical care and in prevention of future retaliation by defendants in similar manners.

## Statement of Facts

As stated in the declaration submitted with this motion, the plaintiff without need or cause had his medications discontinued. (Dec. at 2) The treatment plan was formed by a specialist originally and discontinued out of retaliation. (Dec. at 3-5) The plaintiff is experiencing known severe chronic pain and is suffering irreparable harm and continues to be in imminent danger of injury or death. (Dec. at 6-7) The plaintiffs condition will not get better it will only get worse and is not proper treatment per CDC recomendations. (Dec. at 9) The plaintiff has diagnosed Chronic Pain Regional Pain Syndrome (CRPS) that manifests as if being hit with a hammer constantly to his hands causing physical and mental pain and anguish.

## Argument

### THE PLAINTIFF IS ENTITLED TO AN EMERGENCY TEMPORARY RESTRAINING ORDER AND AN EMERGENCY PRELIMINARY INJUNCTION

In determining whether a party is entitled to an emergency temporary restraining order or an emergency preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The Plaintiff is Threatened with Irreparable Harm.

The plaintiffs alleges that he has been denied care for serious medical needs

contrary to a specialist physicians instruction. Such conduct by prison officials is a clear violation of the Eighth Amendment. Estelle V. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976)(noting that "intentionally interfering with the treatment once prescribed" is a form of deliberate indifference).

As a matter of law the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod V. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976): American Trucking Associations, Inc. V. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied in prision litigation generally, see Jolly V. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996): Newsom V. Norris, 888 F.2d 371, 376 (6th Cir. 1989); Mitchell V. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); McClendon V. City of Albequerque, 272 F.Supp.2d 1250, 1259 (D.N.M. 2003), and specifically in prison medical cases. Phillips V. Michigan Dep't Corrections, 731 F.Supp.2d 792, 801 (W.D.Mich. 1990), aff'd, 932 F.3d 969 (6th Cir. 1991).

In addition, the plaintiff is threatened with irreparable harm because of the medication deprivations he loses the function of daily life activities and medications to prevent blood clots (Asprin) due to deterioration risks stroke, heart attacks or other medical emergencys that could lead to injury or death after prolonged suffering of chronic pain unmanaged, wreckless disregard for plaintiffs health.

B. The Balance of Hardships Favors the Plaintiff.

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g., Mitchell V. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984)(holding that dangers posed by prison crowding outweighed states financial and administrative concerns): Duran V. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986)(holding that prisoners' interest in safety and medical care outweighed state's interest in saving money by cutting staff).

In this case, the present suffering of the plaintiff and the increased future suffering are enormous. The "sufferings" the defendants will experience if the court grants the order will consist of taking the plaintiff to a qualified physician and then carrying out the physicians orders, or reinstating the qualified specialists previous orders that were acceptable for many years-something that defendants do, and are required obligated to do, for members of the prison population needing medical care on a daily basis. The defendants' hardship amounts to no more than business as usual.

C. The Plaintiff is Likely to Succeed on the Merits.

The plaintiff has a great likelihood of success on the merits. What defendants have done- "intentionally interfering with [medical] treatment once prescribed" -was specifically singled out by the Supreme Court as an example of unconstitutional

-19-

"deliberate indifference" to prisoners' medical needs. Estelle V. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). The Eighth Amendment imposes on government the "obligation to provide medical care for those whom it is punishing by incarceration". Estelle V. Gamble, 429 U.S. 97, 103 (1976). Many other courts have held that the failure to carry out physicians orders is unconstitutional. Ruiz V. Martin, 72 F.App'x 271, 275 (6th Cir. 2003)(quoting Estelle, 429 U.S. at 104)(government officials deliberate indifference to a prisoners serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the constitution). Estate of Rosenberg V. Chandler, 56 F.3d 35 (8th Cir. 1995)(At the top of the range a diliberate refusal to treat is an obvious violation of the Eighth Amendment). Ralston V. McGovern, 167 F.3d 1160, 1162 (7th Cir. 1999) (reversing grant of summary judgment for defendants where prison officials deliberately refused to administer prescribed pain medication). Farmer V. Brennan, 511 U.S. 825, 837 (1994)(The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires the official know of, and disregard, an excessive risk to the inmate. Villegas V. Metro Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013)(A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctors' attention.")

   All of the case law supports the plaintiffs constitutional rights being violated and he asks this court to have video conference in which Your Honor could see as a lay person the medical needs of the plaintiff are real and being deliberately denied, the plaintiffs hands -whats left of them, make obvious his medical needs NDCS saw fit to treat for years, now cancel without cause or need, his condition will not improve.

   D. The Relief Sought Will Serve the Public Interest.

   In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. Phelps-Roper V. Nixon, 545 F.3d 685, 690 (8th Cir.2008); Duran V. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986)("Respect for law, particularly by officials responsible for the administration of the States correctional system, is in itself a matter of the highest public interest."); Llewelyn V. Oakland County Prosecutors Office, 402 F.Supp. 1379, 2393 (E.D. Mich. 1975)(stating "the Constitution is the ultimate expression of the public interest.").

### Point II

#### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

   Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from

posting security. Elliot V. Kiesewetter, 98 F.3d 47, 60 (3rd Cir. 1996)(stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the equities weighs over-whelmingly in favor of the party seeking the injunction."); Moltan Co. V. Eagle-Pitcher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir. 1995). In view of the serious medical danger confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

Respectfully Submitted,

Luke LeFever #89914
P.O. Box 22800
Lincoln, NE 68542-2800

9-25-2024
(Date)

-21-