IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LUKE LEFEVER,

                Plaintiff,

        vs.

STATE OF NEBRASKA, NEBRASKA
DEPARTMENT OF CORRECTIONAL
SERVICES, ROB JEFFREYS, JERRY
LOVELACE, and TAGGART BOYD,

                Defendants.

**8:24CV377**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, along with a motion seeking an emergency restraining order and injunction, Filing No. 5, and a hearing on the motion seeking an emergency restraining order and injunction, Filing No. 8. The Court has received a copy of Plaintiff's trust account information. Filing No. 4. Plaintiff is permitted to proceed IFP, however, the remaining motions shall be denied without prejudice as premature.

**I. IFP Motion**

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or

average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $1.43, based on average monthly deposits in the amount of $7.17. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. Motion for Temporary Restraining Order and Hearing

Plaintiff filed a motion for an emergency injunction and restraining order, seeking a restraining order and preliminary injunction to enjoin what Plaintiff classifies as denials of unspecified medical care putting him at risk of irreparable harm. Filing No. 5. He also

moves this Court to hold a hearing on his motion for restraining order and injunction. Filing No. 8.

Preliminary injunctive relief is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Reviewing Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24. To obtain a preliminary injunction, a plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 20.

Here, Plaintiff's Motion fails as while he argues that he is not receiving medical care, he has not established any of the elements that would warrant preliminary injunctive relief, instead merely concluding that he will be successful, and that he is in danger of imminent harm absent relief. Filing No. 5. Moreover, as Plaintiff offers no detail as to what care he has been denied or by whom,[1] it is impossible to balance the equites relating to the alleged denial(s) or that issuance of the requested order is in the public interest. *Id.* Additionally, this Court has not yet determined if this matter may proceed to service of process as an initial review of the Plaintiff's operative complaint has yet to be performed. For these reasons the Court will, therefore, deny Plaintiff's Motion for a

---

[1] While it appears that Plaintiff's allegations in the Complaint relating to denial of opioids to manage his Chronic Regional Pain Syndrome, *see* Filing No. 1 at 5, may be the denial of medical treatment he references in his motion for preliminary injunction, this Court may not make such a presumption for purposes of granting such relief.

3

temporary restraining order and preliminary injunction, Filing No. 5, and motion for hearing regarding the same, Filing No. 8, without prejudice.

Following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims as set forth in his complaint and supplement to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. The Court will conduct this initial review in due course.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's motion for emergency injunction, Filing No. 5, and his motion for hearing, Filing No. 8, are denied without prejudice as premature.

2.     Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted.

3.     Plaintiff must pay an initial partial filing fee of $1.43 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

4.     After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

5.     The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

6.     The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **November 6, 2024**: initial partial filing fee payment due.

7.     Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's

claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).  The Court will conduct this initial review in its normal course of business.


Dated this 8th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court